UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HAROLD RAY HAYES, JR. #79553                                                              PETITIONER

VERSUS                                                        CIVIL ACTION NO. 3:23-CV-205-TSL-RPM

BURL CAIN                                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

On March 23, 2023, Harold Ray Hayes, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Doc. [1]. Hayes is currently serving a life sentence without parole in the custody of the Mississippi Department of Corrections. Doc. [8-3]. On April 15, 1991, Hayes was charged with capital murder and armed robbery. Doc. [8-1]. He entered a guilty plea to capital murder on June 24, 1992, in the Circuit Court of Lauderdale County. Doc. [8-2]. In exchange for his guilty plea, the State dismissed the armed robbery charge. In the instant habeas petition, Hayes challenges the constitutionality of his 1992 capital murder conviction. He contends that his sentence is illegal because the underlying felony of armed robbery was dismissed, thereby making his capital murder sentence illegal. Doc. [1] at 5. Respondent has filed a motion to dismiss and argues that Hayes' petition is barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. Doc. [8]. Hayes has not filed a response in opposition to the motion to dismiss.

## Law and Analysis

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

>  (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[1] According to the signature page, Hayes signed the petition on February 28, 2023. Doc. [1] at 15.

> court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By statute, there is no direct appeal from a guilty plea in Mississippi.  *See* Miss. Code Ann. § 99-35-101.  However, at the time Hayes entered his guilty plea, the Mississippi Supreme Court carved out an exception to allow a defendant thirty days to appeal from a guilty plea to challenge an illegal sentence.  *See Trotter v. State of Mississippi*, 554 So.2d 313, 315 (Miss. 1989).  Accordingly, his conviction became final when the time for seeking direct review expired.  *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).  Allowing for time to file a petition for writ of certiorari, Hayes' judgment became final on October 24, 1992—90 days after the trial court sentenced him pursuant to a guilty plea.  *See Wallace v. State of Mississippi*, 43 F.4th 482, 497-500 (5th Cir. 2022).  Because Hayes' conviction and sentence became final prior to the enactment of the AEDPA, he had one year from the date of the AEDPA's enactment (April 24, 1996) to file a timely § 2254 petition.  *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 1999).  In other words, absent any statutory or equitable tolling, Hayes' deadline to file a timely § 2254

petition was April 24, 1997.  Hayes did not file the instant petition until March 23, 2023, almost 26 years too late.  Hayes has not filed a response in opposition to the motion to dismiss; therefore, he does not dispute Respondent's timeline regarding the timeliness of his petition.

With respect to statutory tolling, Hayes filed his first post-conviction motion in state court on May 4, 2000, arguing that his sentence was illegal.  *See Hayes v. State of Mississippi*, 301 So.3d 45, 47-48 (Miss.Ct.App. 2019).  He filed additional post-conviction motions in state court in 2008 and 2017.  Doc. [8-5] [8-6].  Hayes is not entitled to statutory tolling with respect to these post-conviction motions because he did not "properly file" an application for post-conviction relief in state court on or before April 24, 1997.  His post-conviction motions were filed in state court after the AEDPA's limitations period had already expired; thus, they did not serve to toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Although Hayes is not entitled to statutory tolling, the Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 649-54 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 649.  Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights.  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  In his pleadings, Hayes does not assert that he is entitled to equitable tolling.  Nor does he identify any extraordinary circumstance that prevented him from filing a timely petition.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).  Clearly, Hayes has not been diligent in pursuing his rights.  In his petition, Hayes asserts that his petition should be considered timely because there are no procedural bars for an illegal sentence.  Doc. [1] at 18.  Contrary to Hayes' assertion, an

3

"illegal sentence" is not an exception to the AEDPA's one-year limitations period. *See Watts v. Williams*, No. 3:20cv139-NBB-JMV, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021). Hayes has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [8] Motion to Dismiss be GRANTED and that Harold Ray Hayes, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice as time barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 7th day of November 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE